# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RANDEL LANE,<br><br>            Plaintiff(s),<br><br>v.<br><br>CLARK COUNTY, et al.,<br><br>            Defendant(s). | 2:11-CV-485 JCM (RJJ) |

**ORDER**

Presently, before the court is defendant Clark County's motion for summary judgment. (Doc. #28). Plaintiff Randel Lane has filed an opposition (doc. #31) to which defendants have replied (doc. #32).

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(c). The moving party bears the burden of presenting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (articulating the standard for authentication of evidence on a motion for summary judgment). To authenticate evidence, the proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." *See* Fed. R. Evid. 901(a).

. . .

**James C. Mahan**
**U.S. District Judge**

The vast majority of the "evidence" submitted in support of the motion for summary judgment is unauthenticated. The county has provided numerous letters, records, emails, and doctor's notes, but no declaration, affidavit, or other evidence sufficient to support a finding that the exhibits are what they claim to be. Furthermore, the county has not identified whether which, if any, of these documents were produced by the plaintiff during discovery. *See Malijack Prods., Inc. v. Good-Times Home Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents produced by a party in discovery are deemed authentic when offered by the party-opponent). While plaintiff has failed to object, this court must remain faithful to the rules governing our judicial system, and therefore cannot grant summary judgment on such a deficient record. *See Orr*, 285 F.3d 764 (9th Cir. 2002).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for summary judgment (doc. #29) be, and the same hereby is, DENIED without prejudice.

DATED August 6, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -