UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| RANDEL LANE, | ) | Case No. 2:11-cv-00485-JCM-NJK |
| Plaintiff, | ) ) | ORDER |
| vs. | ) ) | (Docket Nos. 63, 64) |
| CLARK COUNTY, | ) ) | |
| Defendant. | ) ) | |

On August 4, 2016, Plaintiff filed a motion for reconsideration of the Court's July 28, 2016, order granting his attorney's request to withdraw as counsel of record. Docket No. 63. Plaintiff also filed a motion for his prior attorney to pay the attorney fees for a new attorney, in the event he no longer wanted to represent Plaintiff. Docket No. 64. Plaintiff's prior attorney responded to both motions. Docket No. 66. Plaintiff replied to his attorney's response. Docket No. 71. The Court finds that these motions are properly resolved without oral argument. *See* Local Rule 78-1.

**I.      RELEVANT PROCEDURAL HISTORY**

On April 1, 2011, Defendant removed the instant case to this Court after Plaintiff, represented by Kirk Kennedy, Esq., filed the complaint that initiated the case in state court. Docket No. 1. On August 12, 2011, the parties engaged in an Early Neutral Evaluation that was ultimately unsuccessful in resolving the case. Docket Nos. 18, 20.

On February 13, 2013, United States District Judge James C. Mahan granted Defendant's motion for summary judgment with respect to the federal claim, remanded the remaining state law claims back to state court, and closed the case in this Court. Docket No. 40. Plaintiff appealed this decision to the Ninth Circuit Court of Appeals. Docket No. 41. On May 29, 2015, the Ninth Circuit

1  Court of Appeals affirmed Judge Mahan's judgment. Docket No. 45. *See also* Docket No. 46
2  (amended memorandum of Ninth Circuit). On July 15, 2015, the Ninth Circuit issued its mandate
3  and, on July 20, 2015, Judge Mahan ordered the mandate spread upon the records of this Court.
4  Docket Nos. 47, 49.

5  On June 20, 2016, Plaintiff filed six *pro se* motions. Docket Nos. 50-55. On June 28, 2016,
6  the Court ordered the motions stricken from the docket, as Mr. Kennedy remained counsel of record,
7  as he had been the entire time the case was in this Court. Docket No. 56.

8  On July 26, 2016, Mr. Kennedy filed a motion to withdraw as attorney. Docket No. 58. Mr.
9  Kennedy submitted in a declaration that this case was resolved on summary judgment; that he
10  thereafter filed and completed an appeal of that summary judgment order; that the summary
11  judgment order was affirmed; and that, therefore, there is nothing further he can do on this case, and
12  no claims remain that necessitate his representation. *Id*. at 3. On July 28, 2016, the Court found that
13  Mr. Kennedy had shown good cause for his request, and granted his motion to withdraw. Docket
14  No. 59.

15  Plaintiff has now filed a motion, asking the Court to reconsider its order granting Mr.
16  Kennedy's motion to withdraw. Docket No. 63. He appears to confuse the instant case with his
17  pending state case, however, as he discusses events that did not occur in the instant case, and judges
18  who are not the judges in the instant case. *Id*. at 3-4. Plaintiff has additionally asked for Mr.
19  Kennedy to pay his attorney fees for another attorney to represent him, in the event Mr. Kennedy is
20  not reinstated as his attorney. Docket No. 64 at 4-5.

21  The Court ordered Mr. Kennedy to respond to Plaintiff's motions. Docket No. 65. In his
22  response, Mr. Kennedy submits that, after the Court granted summary judgment on Plaintiff's federal
23  claim, he appealed the decision to the Ninth Circuit. When the Ninth Circuit affirmed, he filed a
24  petition for rehearing, which was denied. After the mandate issued, Mr. Kennedy submits, nothing
25  remained in the federal case. Docket No. 66 at 2. Mr. Kennedy submits that, in exchange for
26  Plaintiff's retainer of $5,000, he completed a large amount of work on the federal case, and sets out
27  some of the work he performed. *Id*. at 3-4. Mr. Kennedy further submits that he remains Plaintiff's
28  attorney on the remanded claims in state court, and continues to work on that case. *Id.* at 2.

1   In reply, Plaintiff submits that, since Mr. Kennedy stated that Plaintiff's allegations are outlandish, he wants to ask Mr. Kennedy certain questions. Docket No. 71 at 1. Plaintiff also submits that he has a complaint regarding fraud on the court, which he will withdraw if Mr. Kennedy agrees not to withdraw from his case. *Id*. at 3. Further, Plaintiff seems to believe that, if Mr. Kennedy agrees to represent him on the instant case, he can remove his remanded state case (on which Mr. Kennedy currently represents him) to this Court. *Id*. at 9.

**II.   DISCUSSION**

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003). Plaintiff's motion to reconsider does not cite, let alone attempt to comply with, the applicable standards. Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). Additionally, Plaintiffs are incorrect in their assertion that they are entitled to counsel. In fact, there is no right to counsel in a civil case. *See Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982).

Since Plaintiff filed the instant motions *pro se*, the Court has construed the filings liberally. The Court has, therefore, re-examined the motion at issue, as well as the circumstances surrounding its order granting the motion. Having done so, the Court finds that the Court did not commit clear error, the initial decision was not manifestly unjust, and no intervening change in controlling law has occurred. Therefore, the Court finds that reconsideration of the order at Docket No. 59 is not appropriate. This case has been closed in this Court since 2013, and the appellate mandate issued over a year ago. Mr. Kennedy completed all of the work required on the instant case, and no claims remain. The Court, therefore, properly granted Mr. Kennedy's motion to withdraw as counsel.

As to Plaintiff's motion for Mr. Kennedy to pay for another attorney to represent him, Plaintiff submitted no authority to support this request. The Court, on its own, could find none. In any event, the Court finds that Mr. Kennedy performed the necessary work on the instant case, and that no work remains to be done. The Court will not grant Plaintiff's unprecedented request.

### III. CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Docket No. 63) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Payment of Attorney Fees (Docket No. 64) is **DENIED**.

IT IS SO ORDERED.

DATED: August 16, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge