UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RANDEL LANE,<br><br>                     Plaintiff(s),<br><br>        v.<br><br>CLARK COUNTY,<br><br>                     Defendant(s). | Case No. 2:11-CV-485 JCM (NJK)<br><br>ORDER |

Presently before this court is plaintiff Randel Lane's motion for this court to reconsider Magistrate Judge Koppe's June 28, 2016, order striking his *pro se* motions. (ECF No. 57).

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration is appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003); *see also* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890.

Here, Magistrate Judge Koppe correctly applied Local Rule IA 11-6, which states: "A party who has appeared by attorney cannot while so represented appear or act in the case." *See also Lisle v. Baker*, 2016 WL 4411495, at \*1 (D. Nev. Aug. 16, 2016). Plaintiff had appeared by attorney in multiple instances prior to the magistrate judge's ruling. *See, e.g.*, (ECF No. 4).

**James C. Mahan**
**U.S. District Judge**

Further, the motions struck by that order were filed by the defendant in his own capacity—not through his attorney. (ECF Nos. 50–55). Yet at the time plaintiff filed those motions, he was still represented by an attorney and therefore within the reach of Local Rule IA 11-6.

In fact, the present motion faces the same defect. (ECF No. 57). Plaintiff filed this motion on July 22, 2016, but plaintiff's attorney did not move to withdraw as counsel until July 26, 2016. (ECF Nos. 57, 58). This court granted that motion on July 28, 2016. (ECF No. 59). Therefore, plaintiff's motion again fails due to his noncompliance with Local Rule IA 11-6.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to reconsider (ECF No. 57), be, and the same hereby is, DENIED.

DATED December 29, 2016.

                                                                                      /s/ James C. Mahan
                                                                    UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**